**Esdras Othon LEITAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70862.
Agency No. A73–822–922.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Esdras Othon Leitao, Rancho Palos Verdes, CA, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, San Francisco, CA, Mary Jane Candaux, Jennifer L. Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM[**]

Esdras Othon Leitao, a native and citizen of Brazil, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review de novo claims of constitutional violations, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and questions of law, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002). We dismiss in part, and deny in part, the petition for review.

Leitao's contention that the BIA's streamlining regulations violate his due process rights is foreclosed by *Falcon Carriche*, 350 F.3d at 851.

The IJ correctly determined that Leitao was ineligible for adjustment of status because there is no evidence in the record that a second I–130 visa petition was filed on Leitao's behalf, despite the fact that the IJ continued Leitao's removal proceedings for more than a year to allow him the opportunity to have such a petition filed. *See* 8. C.F.R. § 204.1(a)(1); *Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir.2002) (noting that an approved I–130 application is one prerequisite for adjustment of status).

To the extent Leitao contends that the IJ's conduct violated his due process right to a full and fair hearing, we are without jurisdiction to review this argument because Leitao failed to raise this issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.